
FILED
2008 Mar-27 PM 02:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| KEITH G. HOPKINS, | ] |
| Plaintiff, | ] |
| vs. | ] 7:07-CV-02342-LSC |
| UNITED STATES OF AMERICA, | ] |
| Defendant. | ] |

MEMORANDUM OF OPINION

I.  Introduction.

The Court has for consideration Defendant's Motion to Dismiss, which was filed on February 27, 2008.  (Doc. 4.)  Plaintiff Keith G. Hopkins ("Hopkins") filed suit against the government alleging violations of 26 U.S.C. § 7433 and 5 U.S.C. § 552a(g)(1)(C).  The Court entered a show cause order on February 29, 2008 requiring Plaintiff to show why Defendant's motion should not be granted.  (Doc. 5.)  Plaintiff has failed to respond to the Court's order.  The issues raised in Defendant's motion to dismiss are now ripe for consideration.  The motion is due to granted.

II.     Standard.

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "The standard of review for a motion to dismiss is the same for the appellate court as it [is] for the trial court." *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)(quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  All "reasonable inferences" are drawn in favor of the plaintiff.  *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent

a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003)(quoting *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). Furthermore, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364 (11th Cir. 1997).

III. Analysis.[1]

    A. 26 U.S.C. § 7433.

---

[1] Defendant contends that Plaintiff alleges that the IRS deprived him of his "due process." (Doc. 4 at 6.) It does not appear that Plaintiff seeks relief pursuant to this allegation of denial of "administrative due process." (Compl. at ¶¶ 9, 12.) However, if Plaintiff has stated such a claim, it is due to be dismissed because Plaintiff's right to due process is protected by various judicial and administrative actions that were available to him, which Plaintiff failed to take. *See, e.g.*, 26 U.S.C. § 6213(a)("the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency"); *Phillips v. Comm'r of Internal Revenue*, 283 U.S. 589, 597-598 (1931)(stating that the requirements of due process were met where a plaintiff "may contest his liability by bringing an action, either against the United States or the collector, to recover the amount paid . . . where the transferee does not appeal from the determination of the Commissioner, and the latter makes an assessment and enforces payment by distraint; or where the transferee voluntarily pays the tax and is thereafter denied administrative relief").

Defendant contends that Plaintiff's claim under § 7433 is due to be dismissed because Plaintiff failed to exhaust his administrative remedies before filing suit.[2] 26 U.S.C. § 7433 was "enacted to allow a taxpayer to sue the United States if the IRS intentionally or recklessly disregards a statute or regulation in connection with collection of federal taxes." *Shaw v. U.S.*, 20 F.3d 182, 183 (5th Cir. 1994)(citing *Gonsalves v. IRS*, 975 F.2d 13, 16 (1st Cir.1992)). However, 26 U.S.C. § 7433(d)(1) specifically states that "[a] judgment for damages shall not be awarded under [this section] unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1) (2006). "26 C.F.R. 301.7433-1(e) sets forth the specific administrative procedures a taxpayer must follow to take advantage

---

[2]Defendant also argues that Plaintiff's § 7433 claim is due to be dismissed since the United States has sovereign immunity. (Doc. 4 at 3.) Defendant claims that since Plaintiff has failed to allege that he fulfilled the prerequisites—exhaustion of remedies—to bringing a suit under this section, that the United States has not consented to be sued and is therefore immune from suit. *Id*. Further, Defendant argues that Plaintiff does not state a claim because he is challenging the IRS's determination of his tax liability, not its collection activities. *Id*. at 4. *See Shaw v. U.S.*, 20 F.3d at 184 (holding that based upon the plain language of the statute, which is clearly supported by the statute's legislative history, a taxpayer cannot seek damages under § 7433 for an improper assessment of taxes, rather a taxpayer can only seek damages for improper collection). However, since Plaintiff has failed to demonstrate or allege that he has met the prerequisites for bringing a § 7433 claim, the Court need not address these issues.

of a § 7433 claim." *Shaw*, 20 F.3d at 183.  Specifically, the taxpayer must submit his claim, in writing, "to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides." 26 C.F.R. § 301.7433-1(e)(1).  The claim must include the grounds for the claim, a description of the injuries, and the dollar amount of damages sought.  26 C.F.R. § 301.7433-1(e)(2)(ii-iv).  A taxpayer may not file suit until the IRS has issued a decision or failed to act on the claim within six months of the date of filing.  26 C.F.R. § 301.7433-1(d).

Here, Hopkins has not demonstrated or alleged in the Complaint that he has satisfied the exhaustion of remedies requirement of the statute and accompanying regulations. In similar circumstances, courts have dismissed claims brought under § 7433 where the plaintiff has failed to allege exhaustion of administrative remedies on the ground that such a failure deprives the district court of subject-matter jurisdiction over a plaintiff's claim. *See, e.g., Tempelman v. Beasley*, 1994 WL 708145, at *2 (1st Cir. 1994); *Venen v. U.S.*, 38 F.3d 100, 103 (3d Cir. 1994); *Park v. Internal Revenue Service District Director*, 1994 WL 416096, at * 1 (9th Cir. 1994); *Conforte v. U.S.*, 979 F.2d 1375, 1377 (9th Cir. 1992); *Sintz, Campbell, Duke*

*& Taylor v. U.S.*, 197 B.R. 351, 356 (S.D. Ala.1996). Since Plaintiff has failed to make any showing of exhaustion of remedies, the Court lacks subject-matter jurisdiction over his § 7433 claim. Therefore, the Defendant's motion to dismiss on Plaintiff's claims for intentional or reckless wrongdoing under 26 U.S.C. § 7433 is due to be granted.

  B. Privacy Act.

  Defendant contends that Plaintiff's claim under 5 U.S.C. § 552(a)(g)(1)(C) for failure to maintain accurate records is due to be dismissed. According to 26 U.S.C. § 7852(e),

> [t]he provisions of subsections (d)(2), (3), and (4), and (g) of section 552a of title 5, United States Code, shall not be applied, directly or indirectly, to the determination of the existence or possible existence of liability (or the amount thereof) of any person for any tax, penalty, interest, fine, forfeiture, or other imposition or offense to which the provisions of this title apply.

26 U.S.C. § 7852(e)(2006). In view of the plain language of the Internal Revenue Code, 26 U.S.C. § 7852(e) strips the court of subject matter jurisdiction over Plaintiff's Privacy Act claim for failure to maintain accurate records. *See Gardner v. U.S.*, 213 F.3d 735, 741 n.5 (D.C. Cir. 2000)(recognizing that the district court correctly found that 26 U.S.C. §

7852(e) stripped the court of subject matter jurisdiction over Mr. Gardner's Privacy Act claims for expungement or amendment of his tax records); *England v. Commissioner*, 798 F.2d 350, 351-52 (9th Cir.1986). Therefore, Defendant's motion to dismiss is due to be granted with respect to Plaintiff's Privacy Act claim.

IV. Conclusion.

For the reasons stated above, Defendant's motion to dismiss (Doc. 4) is due to be granted. A separate order in conformity with this opinion will be entered.

Done this 27th day of March 2008.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671